IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| BEATRICE HUDSON, ) | |
| ) | 8:06cv584 |
| Plaintiff, ) | |
| ) | MEMORANDUM AND ORDER |
| vs. ) | |
| ) | |
| GRANDVIEW PROPERTIES, INC., ) | |
| ) | |
| Defendant. ) | |

This matter is before the court sua sponte.  In Case No. 8:06cv416, Hudson v. Grandview Properties, LLC, Magistrate Judge David L. Piester entered a Memorandum and Order on August 25, 2006, directing the plaintiff, Beatrice Hudson, to file a Second Amended Complaint by September 15, 2006,  to try to state a claim on which relief may be granted under the federal civil rights laws.  Magistrate Judge Piester warned the plaintiff in Case No. 8:06cv416 that, in the absence of a timely and sufficient Second Amended Complaint, the plaintiff's in forma pauperis ("IFP") status would be revoked, and the case could be subject, without further notice, to dismissal without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B) for failure to state a claim on which relief may be granted.

On September 11, 2006, the plaintiff filed a document entitled "complaint" (not Second Amended Complaint), against Grandview Properties, Inc. (not Grandview Properties, LLC), and she filed a new Motion for Leave to Proceed IFP.  The new complaint did not bear Case No. 8:06cv416, but the substance of the claims in the new complaint is the same as those alleged in Case No. 8:06cv416, although the new complaint contains more details.

Because of the new IFP application, the difference in the defendant's name, and the

1

absence of a case number on the new complaint, the Clerk of Court opened a new case instead of filing the documents in Case No. 8:06cv416. Whether the error is attributable to the plaintiff's intent to start over or to the court's electronic filing system, "plaintiffs have no right to maintain two actions on the same subject in the same court, against the same defendant at the same time." Curtis v. Citibank, N.A., 226 F.3d 133, 138-39 (2d Cir. 2000). "District courts are accorded 'a great deal of latitude and discretion' in determining whether one action is duplicative of another, but generally, a suit is duplicative if the 'claims, parties, and available relief do not significantly differ between the two actions.'" Serlin v. Arthur Andersen & Co., 3 F.3d 221, 223 (7th Cir. 1993) (citation omitted). Accord Missouri ex rel. Nixon v. Prudential Health Care Plan, Inc., 259 F.3d 949, 954 (8th Cir. 2001) ("Plaintiffs may not pursue multiple federal suits against the same party involving the same controversy at the same time.").

THEREFORE, IT IS ORDERED:

1. That the Clerk of Court shall copy filing no. 1, the "complaint" in the above-entitled case; the Clerk shall cross out the case number on the copy of the complaint and shall file the copy and docket the document as the "Second Amended Complaint" in Case No. 8:06cv416; the filing date shall be as of September 11, 2006;

2. That the Clerk of Court shall copy filing no. 2, the "Motion for Leave to Proceed in Forma Pauperis" in the above-entitled case; the Clerk shall cross out the case number on the copy of the Motion and shall file the copy and docket the document as the "Renewed Motion for Leave to Proceed In Forma Pauperis" in Case No. 8:06cv416; the filing date shall be as of September 11, 2006;

3. That, upon the filing of this Memorandum and Order in the above-entitled

case and the completion of the foregoing procedures, the Clerk of Court shall (a) notify the Clerk's Operations Supervisor, and (b) close the above-entitled case for all purposes.

DATED this 19th day of September, 2006.

BY THE COURT:

s/ Joseph F. Bataillon
JOSEPH F. BATAILLON
Chief District Judge